## No. 14.

### DOWNS *against* WEBSTER. *Franklin,* 1820.

WHERE a note, given for goods sold, was written for $200, *parol* evidence is not admissible to shew a mistake in the sum, merely by proving, that the price of the goods sold, was different from that expressed in the note.

ACTION on note, as follows :

"Georgia, July 17, 1811.

"By the first day of October, 1817, for value received, I promise to pay Bushnall B. Downs, or order, two hundred dollars worth of good neat saleable cattle, (bulls and stags excepted,) and none over eight years old ; said cattle to be delivered at the dwelling house of Samuel Webster, in Fairfax, with interest until paid, as witness my hand.

"SAMUEL WEBSTER.

"George Steele."

Plea, non assumpsit. On the trial, at September adjourned term, A. D. 1818, the defendant offered to give in evidence, by oral testimony ; that on the 17th day of July, A. D. 1811, the day of the date of said note, at Georgia aforesaid, the plaintiff sold to the defendant, a quantity of goods, at the price of eleven hundred dollars ; that then and there, the defendant executed to the plaintiff, four promissory notes, for the sum of two

hundred dollars each, and one for the sum of one hundred dollars ; that four of said notes, for the sum of two hundred dollars each, had been paid by defendant, and were ready to be shewn in Court, and that the note in question was given on account of the contract and sale of the goods aforesaid—which evidence was rejected by the Judge.

The defendant further offered to give in evidence, that the note had been mutilated, when in possession of the plaintiff, so that figures on the margin of said note, designating the amount of said note, had been cut off.   The only evidence offered of this fact, was the appearance of the note itself, which evidence was rejected by the Judge.

Verdict for plaintiff.

Motion for new trial, on exception to the opinion of the Judge.

In support of the motion defendant contended, that parol evidence ought to have been admitted, by the Judge, to shew that the note ought to have been written for one hundred dollars ; there are exceptions to the rule that parol evidence cannot be admitted to contradict, add to, or vary, the terms of a written instrument. 2 Term. Rep. 366.   2 Johnson 378.  3 Johnson 319.   5 Johnson 68.   8 Johnson 389.   6 Mass. R. 340.   6 Cranch 388.   3 Cranch 311.   2 Dall. 171.   1 Tyler 382.

2. That the note being mutilated by the plaintiff's cutting off the figures on the margin, is evidence of fraud.

*Contra.*   That parol evidence is not admissible to shew that the note was given, by mistake, for $200 instead of $100, or in any way to vary or alter the terms of the note, unless it can be made to appear that the plaintiff was guilty of a fraud in obtaining the execution of the note. 2 Bla. R. 1249.  8 T. Rep. 379.   Peak's Ev. 115.

By the Court.   In this case the defendant offered to prove that the price of the goods, as agreed upon, was different from that expressed in the notes ; he did not offer any evidence of fraud or mistake other than is inferred from the price of the goods.

The Court consider that when the signer of a note is perfectly capable of transacting business of this kind, and alledges no fraud, it would be dangerous to permit the amount of obligation, or notes, given for property sold, to be controlled by oral testimony, that the bargain, as to the price, was, according to the recollection of witnesses, different from that expressed in the written contract. Such evidence would set afloat all written securities, and the amount of a note would depend, not upon the sum expressed in the note itself, but upon the recollection of by-standers, as to the price of the property sold.

2. From the appearance of the note there was no mutilation, proper for the Jury to take into consideration. No evidence was offered to prove there ever were *any* figures on the margin of the note, or that the note was ever different from what it appeared to be on trial.

Motion dismissed. New trial not granted.

*Judgment* rendered on verdict, with additional costs.